UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

USA,

        Plaintiff,

v.                                Case No:  6:12-cv-1203-Orl-36TBS

SAMEER PEERA,

        Defendant.
_____/

**ORDER**

This cause comes before the Court upon Defendant Sameer Peera's ("Defendant") Motion to Dismiss Plaintiff United States' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) ("Motion to Dismiss") (Doc. 9).  The United States filed a Response in opposition to Defendant's Motion to Dismiss ("Response") (Doc. 13).  On April 17, 2013, the Court held a hearing on Defendant's Motion to Dismiss ("Hearing").  *See* Doc. 19.  As the Court stated on the record and for the reasons that follow, the Court will grant Defendant's Motion to Dismiss.

**I.    BACKGROUND**

    **A.  Facts[1]**

Plaintiff United States brought this action on behalf of the Secretary of the Department of Housing and Urban Development (hereinafter, "HUD").  Doc. 1 at ¶ 2.

Defendant is the Grantee of a Certificate of Title for property located in Seminole County, Florida.  *Id.* at ¶ 3.  HUD owns the property located at 1211 Little Gem Loop, Sanford,

---

[1] The following statement of facts is derived from HUD's Complaint (Doc. 1), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992).

Florida, 32772 ("Property").  *Id.* at ¶ 5.  HUD derived title to the Property via a warranty deed, recorded on September 16, 2010 in the public records of Seminole County, Florida.  *See* Doc. 1-Ex. 1, pp. 1-2.

On October 31, 2011, the Magnolia Club Homeowner's Association, Inc. ("Magnolia") filed a complaint in Seminole County state court to foreclose a lien for purportedly unpaid homeowners' association assessments.  *Id.* at ¶ 7.  Magnolia served HUD on December 19, 2011.  *Id.* at ¶ 8.[2]  On January 18, 2012, Magnolia obtained a clerk's default against HUD.  *Id.* at ¶ 9; *see* Ex. 1, pp. 3-4.  On April 13, 2012, Magnolia obtained a Final Judgment of Foreclosure after Default, setting a foreclosure sale on the Property for May 17, 2012.  *Id.* at ¶ 10.

On May 17, 2012, Defendant purchased the Property as a third-party bidder, and received Certificate of Title.  *Id.* at ¶¶ 11-12.  On July 2, 2012, the Clerk of the Court issued a Certificate of Title to Defendant.  *See* Doc. 1-Ex. 1, p. 11.

### B.  Procedural History

On August 3, 2012, HUD filed this Complaint to quiet title on the Property.  Doc. 1, ¶¶ 15-22.  The instant Motion to Dismiss and Response ensued.  *See* Docs. 9, 13.

## II.  STANDARD

To survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.  *Id.* (citing *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555 (2007)).  Mere naked assertions, too, are not sufficient.  *Id*.  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible

---

[2] Although HUD concedes that service was made upon its agent in Washington D.C. in the state foreclosure action on December 19, 2011, it argues that such service was improper.  *See* Doc. 13.

2

on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* at 1950. Therefore, although a complaint does not need detailed factual allegations to survive a challenge under Rule 12(b)(6), a plaintiff is still obligated to provide the "grounds" for his entitlement to relief. *City of Winter Haven v. Cleveland Indians Baseball Co., LP*, 2009 WL 1107670, *1 (M.D. Fla. 2009); *see Iqbal*, 129 S. Ct. at 1950 ("only a claim that states a plausible claim for relief survives a motion to dismiss.").

A defendant may attack subject matter jurisdiction in two manners: facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). A facial attack requires the court to assess, assuming the allegations of the complaint to be true, if the complaint sufficiently alleges a basis for subject matter jurisdiction. *McElmurray v. Consol Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007); Fed. R. Civ. P. 12(b)(1). In contrast, a factual attack challenges the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). If a court finds at any point in the litigation that it lacks subject matter jurisdiction over an action, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

### III. ANALYSIS

In its Motion to Dismiss, Defendant first argues that because the Federal Rules of Civil Procedure do not apply in state proceedings, HUD's argument that service in the underlying action was improper is unpersuasive. Doc. 9, pp. 3-4. Second, Defendant maintains that the

Court is precluded from asserting subject matter jurisdiction over this action by the Full Faith & Credit Act, 28 U.S.C. § 1738, and the *Rooker-Feldman* doctrine. *Id.* at 5-7.

In Response, HUD argues that because the state court lacked personal and subject matter jurisdiction, the resulting state court judgment is void and not precluded by the *Rooker-Feldman* doctrine. *See* Doc. 13.

### A. Federal Rules of Civil Procedure Do Not Apply

Defendant argues that despite Plaintiff's contention that it was not served in accordance with Rule 4(i), it is well settled that the Federal Rules of Civil Procedure do not apply outside of federal court. Doc. 9, p. 3 (citing *Wasowitz v. United States*, 2008 WL 4097794, *1 (S.D. Fla. 2008)). At the Hearing, HUD argued that it was not properly served because there is no statute appropriately indicating how to serve the federal government in a state action, and the analogies in Florida civil procedure for serving either a state municipality or a corporation are flawed.

While Florida law does not delineate the means of service on a federal agency defendant, it is established that the Federal Rules of Civil Procedure do not apply in state proceedings. *See Felder v. Casey*, 487 U.S. 131, 138 (1988); *Racquet Club Apartments at Bonaventure 4 South Condominium Ass'n v. U.S. Secretary of Housing and Urban Development*, 2012 WL 3244656, *4 (S.D. Fla. 2012) ("it is well-settled that the Federal Rules of Civil Procedure do not apply outside of federal court"); *Wasowitz*, 2008 WL 4097794, *1; *Verry v. City of El Reno, Okla.*, 2005 WL 3187285, *1 (W.D. Okla. 2005) ("Federal Rules of Civil Procedure …. do not apply in state court"). Recently, a court in the Southern District of Florida held that service upon a registered agent of a federal agency constitutes proper service under Florida procedure. *See Racquet Club*, 2012 WL 3244656, *4 (holding that, in the absence of a specific state procedure, service upon a federal entity's authorized agent is one appropriate method of service). Although

HUD noted at the Hearing that it respectfully disagrees with the *Racquet Club* decision, it has provided no authority suggesting that service on a registered agent of an agency is insufficient under Florida procedure.

Here, despite the recent decision holding that service on HUD's agent was proper under Florida state law, HUD could have objected to service in an appeal from the final foreclosure decision,[3] or filed a motion for relief from a state court judgment on the grounds that it was void. *See* Fla. R. Civ. Pr. 1.540(b)(4) (providing that if a party moves within a year of the final judgment, the court may relieve that party from a final judgment if it is void). Regardless, as described below, the lack of clarity with respect to service of a federal agency does not generate this Court's appropriate subject matter jurisdiction over this action.

### B. Subject Matter Jurisdiction

Defendant maintains that this Court is precluded from hearing this case due to the Full Faith & Credit Act and the *Rooker-Feldman* doctrine, which bars federal district courts from reviewing state court decisions. Doc. 9, pp. 4-9; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). In its Motion to Dismiss and at the Hearing, Defendant's counsel explained that HUD is essentially asking this Court to vacate a state court's final judgment of foreclosure and provide appellate review in federal court of a state court judgment. *Id.* at 5. HUD's argument is that because the state court never properly had either personal or subject matter jurisdiction, its decision is void and thus this Court is not precluded from review. *See* Doc. 13, pp. 3-13.

As a preliminary matter, the Court agrees with HUD that the state court lacked subject matter jurisdiction. In *United States v. Angulo*, Judge Moody concluded in similar circumstances

---

[3] *See* Florida Rules of Appellate Procedure, Rule 9.110(a)(1).

5

that a state court cannot exercise jurisdiction over the foreclosure of a property in which the federal government possesses an ownership interest. 2012 WL 6009338, *5 (M.D. Fla. 2012);[4] *see* 28 U.S.C. § 2410(a). Indeed, the Quiet Title Act requires that claims challenging the United States' title to real property must be brought in federal court. 28 U.S.C. 1346(f); *see Nelson v. U.S. Secretary of Housing and Urban Development*, 2011 WL 5357844 *4 (M.D. Fla. 2011).

Nevertheless, the Court finds that it is precluded from asserting subject matter jurisdiction over this action. The Eleventh Circuit set forth a four-factor test to guide the application of the *Rooker-Feldman* doctrine, finding that it bars federal court jurisdiction where:

(1) the party in federal court is the same as the party in state court;
(2) the prior state court ruling was a final or conclusive judgment on the merits;
(3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and
(4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.

*Shafe*, 558 F.3d at 1272; *see Amos v. Glynn County Bd. of Tax Assessors,* 347 F.3d 1249, 1266 n.11 (11th Cir. 2003). With respect to these four factors, HUD maintains that the state court ruling could not have been a final judgment because the state court lacked subject matter jurisdiction, and that given the service concerns, it lacked an opportunity to reasonably raise the federal claims as required by the third prong.[5] Doc. 13, pp. 9-11. However, as the Court stated at the Hearing, even if HUD disputes service and did not want to appear and contest jurisdiction, Florida Rule 1.540 provides for a party to move to vacate a judgment for up to one year following that judgment based upon the argument that the judgment is void. *See* Fla. R. Civ. Pr.

---

[4] The decision in *United States v. Angulo* was published after the parties' briefed the instant Motion to Dismiss.

[5] HUD also disputes whether, given the state court lacked subject matter jurisdiction, the state court ruling was a final or conclusive judgment on the merits. *See Shafe*, 558 F.3d at 1272.

1.540(b)(4).[6] Accordingly, the Court believes that HUD did have the opportunity to raise federal claims, *i.e.*, contest jurisdiction, in the state court proceeding.

As in *Angulo*, here, the state court entered a final judgment of foreclosure after default against HUD on April 13, 2012. *See* 2012 WL 6009338 at *5; *see* Doc. 1, ¶ 10. HUD then initiated this action on August 13, 2012, without having sought to vacate or appeal the final judgment entered by the state court. Therefore, this Court is precluded by the *Rooker-Feldman* doctrine from exercising subject matter jurisdiction and will not interfere with the state court judgment and quiet title to the Property.[7]

Accordingly, it is hereby **ORDERED**:

1. Defendant Sameer Peera's Motion to Dismiss Plaintiff United States' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) (Doc. 9) is **GRANTED**.

2. Plaintiff United States' Complaint (Doc. 1) is **DISMISSED.**

3. The Clerk is directed to terminate any pending motions and deadlines as moot and close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

---

[6] In addition to Rule 1.540, HUD can appeal the court's final judgment of foreclosure to the District Court of Appeals.

[7] Given its finding that it lacks subject matter jurisdiction based upon the *Rooker-Feldman* doctrine, the Court will not examine Defendant's additional argument that this action is barred by the Full Faith & Credit Act.

1.540(b)(4).[6] Accordingly, the Court believes that HUD did have the opportunity to raise federal claims, *i.e.*, contest jurisdiction, in the state court proceeding.

As in *Angulo*, here, the state court entered a final judgment of foreclosure after default against HUD on April 13, 2012. *See* 2012 WL 6009338 at *5; *see* Doc. 1, ¶ 10. HUD then initiated this action on August 13, 2012, without having sought to vacate or appeal the final judgment entered by the state court. Therefore, this Court is precluded by the *Rooker-Feldman* doctrine from exercising subject matter jurisdiction and will not interfere with the state court judgment and quiet title to the Property.[7]

Accordingly, it is hereby **ORDERED**:

1. Defendant Sameer Peera's Motion to Dismiss Plaintiff United States' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) (Doc. 9) is **GRANTED**.

2. Plaintiff United States' Complaint (Doc. 1) is **DISMISSED.**

3. The Clerk is directed to terminate any pending motions and deadlines as moot and close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 30, 2013.

*[Signature: Charlene Edwards Honeywell]*
Charlene Edwards Honeywell
United States District Judge

---

[6] In addition to Rule 1.540, HUD can appeal the court's final judgment of foreclosure to the District Court of Appeals.

[7] Given its finding that it lacks subject matter jurisdiction based upon the *Rooker-Feldman* doctrine, the Court will not examine Defendant's additional argument that this action is barred by the Full Faith & Credit Act.

**Copies furnished to:**
Counsel of Record
Unrepresented Parties